## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT MICHAEL ACKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 10-CV-114-GKF-FHM |
| ) | |
| WALTER DINWIDDIE, Warden, ) | |
| ) | |
| Respondent. ) | |

### OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 2) filed by Petitioner Robert Michael Acker, a state prisoner appearing through counsel. Petitioner also filed a memorandum brief in support of his petition (Dkt. # 10). Respondent filed a response to the petition (Dkt. # 15), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 15, 16, 17). Petitioner did not file a reply. For the reasons discussed below, the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

On November 27, 2006, at around 6:00 a.m., a special team of law enforcement officers from the Tulsa County Sheriff's office went to Petitioner's residence in Tulsa County to serve a search warrant. Petitioner was inside the house, together with Patricia Pugh. Upon entry into the house, the deputies found a glass pipe, several thousand dollars in cash, a black zipper pouch containing a clear baggie with white crystalline substance later determined to be methamphetamine, two firearms, and paperwork addressed to Petitioner indicating his residency at the home. A search of an outbuilding on the property produced electronic gram scales, a glass jar containing a green leafy substance determined to be marijuana, a chest containing 12 compressed bricks of the same green leafy

substance, 3 baggies containing a red powdery substance later determined to be red phosphorus, a chemical used in the manufacturing of methamphetamine, and a loaded black semi-automatic pistol. There were no drug tax stamps on any of the drugs. A "stripped down" red Jeep, found in the yard behind the house, was determined through a National Crime Information (NCIC) check to be a stolen vehicle.

As a result of the search, Petitioner and his co-defendant, Patricia Pugh,[1] were charged with multiple felonies in Tulsa County District Court Case No. CF-2006-5793. In a Third Amended Information, Petitioner was charged with Trafficking in Illegal Drugs (Count 1), Possession of a Firearm After Former Conviction of a Felony (Count 2), Unlawful Possession of Marijuana with Intent to Distribute (Count 3), Possession of a Firearm While in Commission of a Felony (Count 4), Unlawful Possession of a Precursor Substance Without a Permit (Count 5), Knowingly Concealing Stolen Property (Count 6), Possession of a Stolen Vehicle (Count 9), and Failure to Obtain Drug Tax Stamp (Count 10).[2] See Dkt. # 15, Ex. 6. A "second page" alleged numerous prior felony convictions. Id. On December 3-7, 2007, Petitioner was tried by a jury in a two stage trial. The remaining charges against Petitioner were renumbered and presented to the jury as follows: Trafficking in Illegal Drugs (Count 1), Possession of a Firearm (Count 2), Possession of Marijuana With Intent to Distribute (Count 3), Possession of a Firearm While in Commission of a Felony

---

[1] On December 3, 2007, co-defendant Patricia Pugh entered pleas of guilty to Trafficking in Illegal Drugs, Possession of a Firearm While in Commission of a Felony, and Failure to Obtain Drug Tax Stamp. She was sentenced to eight (8) years imprisonment and a $25,000 fine with $20,000 suspended for Trafficking, to eight (8) years imprisonment for Possession of a Firearm While in Commission of a Felony, and to five (5) years imprisonment for Failure to Obtain a Drug Tax Stamp. Her sentences were ordered to be served concurrently. See Dkt. # 17-4, O.R. at 225-32.

[2] Counts 7 and 8 had been dismissed prior to the filing of the Third Amended Information. Count 6, Knowingly Concealing Stolen Property, was dismissed prior to trial.

(Count 4), Unlawful Possession of a Precursor Substance Without a Permit (Count 5), Possession of a Stolen Vehicle (Count 6), and Failure to Obtain Drug Tax Stamp (Count 7). See Dkt. # 17, Tr. Trans. at 9-11. After the State rested, the trial judge sustained Petitioner's motion for a directed verdict as to Counts 1 and 5. See Dkt. # 17-1, Tr. Trans. at 155-56. In addition, the trial judge dismissed Count 4 before the jury began deliberating. Id. at 162-63. As a result, the only counts considered by the jury were Counts 2, 3, 6, and 7. At the conclusion of the second stage, the jury found Petitioner guilty of Count 2, after three prior felony convictions (Dkt. # 17-2 at 89), guilty of Count 3, after two or more previous convictions (id.), guilty of Count 6, after two or more felony convictions (id. at 90), and guilty of Count 7, after two or more felony convictions (id.). Defendant waived his right to a Pre-sentence Investigation Report and stated that he wished to be sentenced immediately. Id. at 92-93. Therefore, on December 7, 2007, the trial judge sentenced Petitioner, in accordance with the jury's recommendation, to thirty (30) years imprisonment and a $5,000 fine on Count 2 (id. at 94), life imprisonment and a $20,000 fine on Count 3 (id.), thirty (30) years imprisonment and a $1,000 fine on Count 6 (id. at 94-95), and thirty (30) years imprisonment and a $5,000 fine on Count 7 (id. at 95), with all four sentences ordered to run consecutively to each other.[3] Petitioner was represented at trial by attorney Kathy Fry.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA). Represented on appeal by attorney Bill Zuhdi, Petitioner raised six (6) propositions of error, as follows:

---

[3]In the Judgments and Sentences, entered December 10, 2007, Petitioner's four convictions are numbered, in accordance with the numbering in the Third Amended Information, as Counts 2, 3, 9, and 10. See Dkt. # 17-4, O.R. at 234-45.

| | |
|---|---|
| Proposition I | The evidence was insufficient to sustain the conviction for possession of marijuana with intent to distribute. |
| Proposition II | The evidence was insufficient to sustain the conviction for failure to obtain drug tax stamp. |
| Proposition III | Mr. Acker's due process rights were violated when he was wrongly charged, convicted and sentenced on Count 10 as alleged in the third amended information. |
| Proposition IV | Reversible error occurred when the trial court failed to instruct the jury according to law. |
| Proposition V | Mr. Acker received ineffective assistance of trial counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution. |
| Proposition VI | The trial errors complained of herein cumulatively denied Mr. Acker's right to a fair trial under the United States and Oklahoma Constitution and therefore, his convictions and sentences must be reversed. |

See Dkt. # 15, Ex. 1. In an unpublished summary opinion, filed May 11, 2009, in Case No. F-2007-1250 (Dkt. # 15, Ex. 3), the OCCA rejected the claims and affirmed the judgment and sentence of the trial court. Petitioner did not seek *certiorari* review from the Supreme Court nor did he seek post-conviction relief in the state courts.

On February 24, 2010, Petitioner, represented by attorney Bill Zuhdi, filed his federal petition for writ of habeas corpus (Dkt. # 2). The six (6) grounds of error he raises mirror the six propositions raised on direct appeal. See id. In his memorandum brief (Dkt. # 10), filed April 6, 2010, Petitioner offers additional supporting argument for the six claims raised in the habeas petition. In response, Respondent asserts that Petitioner's claims are not cognizable in this habeas proceeding, or do not justify habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 15.

*ANALYSIS*

**A.    Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on direct appeal.  Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.    Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The

applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As indicated above, Petitioner presented his federal claims challenging his convictions and sentences to the OCCA on direct appeal. The OCCA denied relief. See Dkt. # 15, Ex. 3. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims.

### 1. Insufficient evidence (grounds 1 and 2)

In ground 1, Petitioner claims that the evidence presented by the state was insufficient to support his conviction for Possession of Marijuana with Intent to Distribute (Count 3). In his second ground for relief, Petitioner argues that the state presented insufficient evidence to support his conviction for Failure to Obtain Drug Tax Stamp (Count 10), as alleged in the Third Amended Information. Citing Spuehler v. State, 709 P.2d 202 (Okla. Crim. App. 1985), the OCCA found that the evidence presented was sufficient to support Petitioner's convictions "beyond a reasonable doubt." Dkt. # 15, Ex. 3 at 2.

As stated above, a writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2)

6

and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir.), *cert. denied,* 534 U.S. 1046 (2001) (listing cases). Under either standard, Petitioner's claims in ground one and ground two fail.

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (citing Jackson, 443 U.S. at 319). In other words, it "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319. The court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993).

Petitioner first complains that the green leafy substance identified as marijuana was not proved beyond a reasonable doubt to be marijuana. In particular, he argues that no chemical analysis was performed on the green leafy substance to confirm that it was marijuana. To convict Petitioner of this crime, the State had to prove beyond a reasonable doubt that Petitioner knowingly and intentionally possessed the controlled dangerous substance of marijuana with an intent to distribute marijuana. See Dkt. # 17-4, O.R. at 254, Instruction No. 6. Deputy Thomas Helm testified that he was part of the team conducting the search of Petitioner's home. Deputy Helm was trained in the recognition of marijuana, and estimated that he had come into contact with marijuana in excess of 500 times. See Dkt. # 17, Tr. Trans. at 59-60. He testified that he examined each and every brick, and concluded that the bundled "green leafy substance" was marijuana. Id. at 60. He also testified

7

that the large amount of marijuana, the discovery of baggies and a scale, led him to believe that Petitioner was intending to distribute the marijuana. Id. at 98. Finally, the jury was instructed as follows:

> Testimony has been introduced of certain witnesses who purport to be skilled in their line of endeavor or who possess peculiar knowledge acquired by study, observation, and practice.
>
> You may consider the testimony of these witnesses, and give it such weight and value as you think it should have, but the weight and value to be given their testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying, based on that person's education, training or experience. You need not give controlling effect to the opinion of such witnesses for their testimony, like that of any other witness, is to be received by you and given such weight and value as you deem it is entitled to receive.

See Dkt. # 17-4, O.R. at 267, Instruction No. 15. Under well-settled Oklahoma law, it is not necessary to have a chemical analysis performed to determine if a substance is marijuana. Cory v. State, 543 P.2d 565, 568-59 (Okla. Crim. App. 1975) (reinforcing the rule that identification of marijuana by police officers on the basis of expertise gained through training and experience was sufficient to take the issue to the jury). In light of the evidence in the record, the Court agrees with the OCCA that a reasonable jury could conclude beyond a reasonable doubt that the green leafy substance was marijuana and that Petitioner was guilty of trafficking in that drug. Petitioner is not entitled to habeas relief on his ground one claim.

As a follow-up to ground one, Petitioner contends in ground two that no tax stamp was required because the green leafy substance was not proven to be marijuana. Having agreed with the OCCA that sufficient evidence was presented to the jury to support the conviction for trafficking in marijuana, the Court must also agree that the evidence was sufficient to support the conviction

for failing to affix a tax stamp to the bricks of marijuana. Petitioner's ground two claim is without merit.

### 2. Invalid charging document (ground 3)

In ground three, Petitioner argues that his due process rights were violated when he was wrongly charged, convicted and sentenced on Count 10 as alleged in the Third Amended Information**.** He advises that the charging document was based incorrectly on a statute which only listed definitions and did not list elements of a crime. Further, the jury was instructed with language from a different statute. The OCCA denied relief on this claim, finding as follows:

> With regard to error alleged in Proposition III, we find that Appellant suffered no due process violation as the charging language of Count X of the Third Amended Information was sufficient to give Appellant notice of the charges against him and to preclude future prosecution for the same crime. *Parker v. State*, 1996 OK CR 19, ¶ 23, 917 P.2d 980, 986.

(Dkt. # 15, Ex. 3 at 2.)

As a general rule, challenges to a defective charging document are based on state law and provide no ground for federal habeas relief. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. at 68; 28 U.S.C. § 2241. Further, the Tenth Circuit has specifically found that, "[w]e are bound to accept the Oklahoma court's construction of its state statutes." Dennis v. Poppel, 222 F.3d 1245, 1257 (10th Cir. 2000). Thus, insofar as Petitioner claims the Third Amended Information was defective, he has not raised a cognizable claim for habeas relief. To the extent that he has raised a due process or Sixth Amendment challenge, Petitioner has provided no information to suggest that the Third Amended Information failed to provide adequate notice of the charge against him in Count

10. See Johnson v. Gibson, 169 F.3d 1239, 1252 (10th Cir. 1999) ("A charging instrument may violate the Sixth Amendment by failing to provide a defendant with adequate notice of the nature and cause of the accusations filed against him."). Accordingly, Petitioner has failed to demonstrate that the OCCA's decision was contrary to, or involved an unreasonable application of Supreme Court law, or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). He is not entitled to habeas relief on his third ground for relief.

### 3.     Error in jury instruction (ground 4)

Petitioner next contends that the trial court issued an erroneous instruction to the jury regarding Count 10. He argues that the instruction was insufficient because it failed to fairly and accurately state the law, and failed to accurately list the elements of the offense. The OCCA acknowledged that the instruction on Failure to Obtain a Drug Tax Stamp was not "artfully worded." Dkt. # 15, Ex. 3 at 2. However, the state appellate court concluded that, "when taken together with the instructions on Possession of Marijuana with Intent to Distribute, it was sufficient to convey the necessary elements of the crime to the jury. Thus, the instructions, as a whole, sufficiently stated the applicable law and did not rise to the level of plain error." Id.

It is well established that "[a]s a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial.").

Petitioner has failed to demonstrate that the OCCA's adjudication of his ground four claim was contrary to, or an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d)(1),(2). The Court finds that Petitioner's trial was not rendered fundamentally unfair as a result of the trial judge's instruction concerning the crime of Failure to Obtain a Drug Tax Stamp. Petitioner is not entitled to habeas corpus relief under § 2254(d) on ground four.

### 4. Ineffective assistance of trial counsel (ground 5)

In ground five, Petitioner contends that his trial counsel was ineffective for: (a) failing to file a timely motion to suppress, (b) failing to object to an improper jury instruction, and (c) failing to object to the Information. Citing Strickland v. Washington, 466 U.S. 668, 694 (1984), the OCCA found that trial counsel was not constitutionally ineffective for any of these alleged failures. See Dkt. # 15, Ex. 3 at 3.

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular

case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). A federal habeas court may intercede only if the petitioner can overcome the "doubly deferential" hurdle resulting from application of the standards imposed by § 2254(d) and Strickland. Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011). If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs.

First, Petitioner asserts that his trial counsel was ineffective for failing to file a timely motion to suppress based on the affidavit used to procure the search warrant. Specifically, Petitioner contends that the magistrate judge would not have found probable cause for the search warrant if he had been advised regarding informant Jason Marrs' criminal history. See Dkt. # 10 at 10-11. In the affidavit for search warrant, Deputy Helm cited information obtained from Jason Marrs, an informant who had three prior drug trafficking cases dismissed. Petitioner further argues that, if the truth about Marrs' criminal history had been revealed to the magistrate and Marrs' statements removed from the affidavit supporting the search warrant, there were insufficient remaining allegations to support a finding of probable cause. See Dkt. # 10 at 11. The Court disagrees.

This claim fails because Petitioner was not prejudiced by his trial counsel's failure to challenge the use of information obtained from an informant who had three former drug trafficking cases dismissed. "When there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." United States v. Artez, 389 F.3d 1106, 1111 (10th Cir. 2004). According to the affidavit attached to the search warrant, deputy sheriffs from the Tulsa County Sheriff's office received information about Petitioner's drug activities from both Jason Marrs and Brandie Johnson when they were interviewed on November 21, 2006. See Dkt. # 15-9 at 2. In addition to the information provided by Marrs and Johnson, deputies conducted surveillance on Petitioner's home on November 21 and 22, 2006. During surveillance, the deputies "observed a high volume of short-term vehicle traffic at the residence, as is consistent with the distribution of controlled dangerous substances." Id. at 3. The record demonstrates that the search warrant was not issued solely on information provided by Jason Marrs and that the information Marrs provided was sufficiently corroborated. Petitioner has not shown that the magistrate would have denied a search warrant if Jason Marrs' statements were omitted from the affidavit. See Illinois v. Gates, 462 U.S. 213, 238-39 (1983) ("The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."). Petitioner's challenge to the reliability of Jason Marrs as the alleged sole source of information for the search warrant fails because law enforcement corroborated his statements with information provided by Brandie Johnson, and by conducting their own independent surveillance. All of this information portrayed Petitioner as a distributor and supplier of controlled dangerous

substances when the search warrant was issued. This Court, therefore, agrees with the OCCA that Petitioner has failed to establish an ineffective assistance claim based on his counsel's failure to file a timely suppression motion. He is not entitled to habeas relief on this portion of his ineffective assistance of counsel claim.

Next, Petitioner complains that his trial counsel was ineffective for failing to object to the trial court's instruction for the crime of Failure to Obtain a Drug Tax Stamp. The Court has already addressed Petitioner's challenge to the OCCA's rejection of the instruction issue in its discussion of ground four above. Because the underlying claim lacks merit, Petitioner cannot show that his trial counsel was ineffective for failing to raise the issue at trial. See Miller v. Mullin, 354 F.3d 1288, 1299 (10th Cir. 2004); Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003). Habeas relief shall be denied on this portion of Petitioner's ground five claim.

In his last claim of ineffective assistance of trial counsel, Petitioner states that his attorney failed to challenge the Third Amended Information insofar as it described Count 10. Again, the challenge to the underlying merits of Petitioner's complaint about the charging document has been rejected by this Court in its analysis of ground three. Thus, Petitioner's claim that his attorney was constitutionally ineffective for failing to object to the Third Amended Information is, likewise, without merit. Habeas relief shall be denied on this claim.

### 5. Cumulative error (ground 6)

Next, Petitioner argues that the combined effect of the "numerous" errors and irregularities prejudiced his rights and denied him a fair trial. See Dkt. # 2 at 23. On direct appeal, the OCCA concluded that, "any errors and irregularities, even when considered in the aggregate, do not require

15

reversal or modification because they did not render his trial fundamentally unfair or taint the jury's verdict or sentencing." Dkt. # 15, Ex. 3 at 3.

In analyzing a cumulative error claim, the proper inquiry "aggregates all the errors that individually might be harmless [and therefore insufficient to require reversal], and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." United States v. Wood, 207 F.3d 1222, 1237 (10th Cir. 2000) (quotation omitted). Cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing Rivera, 900 F.2d at 1471). In this case, the Court did not find two or more actual errors. As a result, there is no basis for a cumulative error analysis. Therefore, Petitioner has failed to demonstrate that the OCCA's rejection of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d).

**C. Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

The Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. See Dockins, 374 F.3d at 938. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 2) is **denied**. A separate judgment shall be entered in this matter. A certificate of appealability is **denied**.

**DATED** this 19th day of February, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT